**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**CHRIS P.,**

                      **Plaintiff,**

**v.**
                                                       **20-CV-1660**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all proceedings in this case, including entry of final judgment. Dkt. No. 12. Chris P. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 9, 10. For the following reasons, Plaintiff's motion (Dkt. No. 9) is denied, and the Commissioner's motion (Dkt. No. 10) is granted.

## BACKGROUND

On August 2, 2017, Plaintiff applied for supplemental security income ("SSI") alleging that she became disabled on April 15, 2016, by lower disc issues, diabetes,

arthritis, "black outs," and stroke.  Tr. at 28, 193.[1]  Plaintiff's claim was denied at the initial level, and he requested review.  Administrative Law Judge B. Hannan ("the ALJ") conducted a hearing on July 25, 2019.  Tr. at 44-75.  Plaintiff, who was represented by counsel, testified as did a vocational expert.  Tr. at 44-75.  On October 15, 2019, the ALJ issued a decision in which she found that Plaintiff was not under a disability as defined by the Act since August 2, 2017.  Tr. at 25-39.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision final.  Tr. at 10-15.  This action followed.  Dkt. No. 1.

## LEGAL STANDARD

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if he shows that he is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C.

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 8.

§ 1382c(a)(3)(D).  Congress places the burden upon the claimant to establish disability by "furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant.  *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard,

and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  See *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'"  *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  See *Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 2, 2017.  Tr. at 30.  The ALJ concluded at step two that Plaintiff suffered from the severe impairment of degenerative disc disease.  Tr. at 30.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings.  Tr. at 30.

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967 (b), with the following limitations:  he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but he should never climb ladders, ropes, or scaffolds; and he can never work at unprotected heights or with moving mechanical parts.  Tr. at 32.  She noted that Plaintiff had no past relevant work.  Tr. at 37.  Relying on the VE's testimony, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including the light unskilled jobs of counter clerk, school bus monitor, and fruit distributor; and the unskilled sedentary jobs of call out operator, and surveillance system monitor.  Tr. at 38.  Accordingly, the ALJ determined that Plaintiff had not been under a disability since August 2, 2017, the application date.  Tr. at 38.

5

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings. Dkt. Nos. 9, 10. Plaintiff argues that the ALJ erred by not incorporating into the RFC a limitation that he requires a cane to ambulate, and by not developing the record. Dkt. No. 9-1, pp. 7-11. For the following reasons, this Court disagrees and finds that remand is not warranted.

**RFC Determination**

A claimant's [RFC] is the most he or she can still do despite his or her limitations. 20 C.F.R. § 404.1545(a). RFC "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Social Security Ruling 96-8p, 1996 WL 374184, at *2. "This assessment of RFC is used at step 4 of the sequential evaluation process to determine whether an individual is able to do past relevant work, and at step 5 to determine whether an individual is able to do other work, considering his or her age, education, and work experience." *Id.*

Plaintiff argues that the ALJ did not properly consider Plaintiff's need to use a cane when formulating the RFC. Dkt. No. 9-1, p. 7. This Court does not agree. As an initial matter, "an RFC finding 'is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear.'" *Tiffany L. v. Comm'r of Soc. Sec.*, 2021 WL 3145694, at *3-4 (W.D.N.Y. July 26,

2021) (quoting *Curry v. Comm'r Soc. Sec.*, 2021 WL 1942331, at *2 n.3 (2d Cir. May 14, 2021)); *see* 20 C.F.R. § 416.927(d)(2).  In this respect, an ALJ can make highly specific RFC determinations even without a supporting medical opinion.  *Tiffany L.*, 2021 WL 3145694, at *3 (affirming the RFC for sedentary work with specific restrictions absent a medical opinion with those particular restrictions given that the RFC was otherwise supported by the record); *see also Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) (stating that "although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence [was] not required" given that "the treatment notes were in line with the ALJ's RFC determinations"); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the RFC, notwithstanding that there was no corresponding medical opinion, where plaintiff's treatment notes supported the specific physical limitations); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (holding that the ALJ's RFC determination, which included a lifting limitation, was supported by substantial evidence, notwithstanding the lack of a supporting medical opinion); *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (holding that the ALJ properly relied on plaintiff's own testimony and a letter from a doctor stating that he had severe functional limitations, even though he made improvement following surgery).

Secondly, the ALJ addressed Plaintiff's cane use in reaching the RFC.  That is, she explicitly acknowledged that Plaintiff "presented with a self-prescribed cane" at his consultative examination with John Schwab, D.O. on October 27, 2017, and that "Dr. Schwab opined that the cane was medically necessary."  Tr. at 34.  The ALJ found Dr.

7

Schwab's opinion unpersuasive, however, because it did not specify functional limitation and the doctor himself opined that Plaintiff's subjective complaints were worse than the exam revealed.  Tr. at 36; 282.  For example, although Plaintiff could not walk on his heels and toes, he could change for the examination, get on and off the table, and rise from the chair without difficulty, and was neurologically intact without sensory deficits and with 5/5 strength in the upper and lower extremities.  Tr. at 34, 36.

Dr. Schwab's opinion that Plaintiff needed a cane to ambulate was further undermined by R. Pradhan, M.D., the state agency medical consultant.  Dr. Pradhan opined on December 13, 2017, that Plaintiff could perform a full range of light work with occasional postural activity, could stand/walk about six hours in an 8-hour workday, could occasionally climb ramps, and stairs, stoop, kneel, crouch, and crawl, and had no limitations with balancing.  Tr. at 36.  The ALJ found Dr. Pradhan's opinion persuasive given that Plaintiff had required only conservative treatment.  This was entirely appropriate.  It is well within an ALJ's discretion to resolve genuine conflicts in the evidence, *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002), and, "in doing so, to 'choose between properly submitted medical opinions[.]'"  *Reithel v. Comm'r of Soc. Sec.*, 330 F. Supp. 3d 904, 912 (W.D.N.Y. 2018) (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)).

Like Dr. Pradhan, Plaintiff's treating physician, Dr. Jewell Henley, did not make any findings to suggest that he required a cane.  To the contrary, Dr. Henley consistently observed that Plaintiff's knees exhibited full range of motion, his left hip x-rays were unremarkable, and his gait was normal.  Tr. at 33, 293, 294, 299, 306, 340.

Objective imaging also did not support a finding that Plaintiff needed a cane to walk or stand.  An x-ray of Plaintiff's lumbar spine showed only mild dextroscoliosis, and subtle L2 compression; and a November 19, 2016 MRI of the lumbar spine showed only slight retrolisthesis of l2-3, minimal disc bulge at L2-3 and L3-4, and no significant foraminal stenosis.  Tr. at 290-91, 298-99.

Finally, Plaintiff's own statements belie the suggestion that he was unable to ambulate without a cane.  Plaintiff reported to Dr. Schwab that he was able to shower, dress, and "go[ ] out downtown, [and] socializ[e] with friends."  Tr. at 280.  He also testified that he walked one hour and forty-five minutes to attend the hearing.  Tr. at 49.  Thus, Plaintiff fails to show that his RFC was more limited than the ALJ found.  *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (plaintiff bears the burden of proving that his RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that substantial evidence supports the ALJ's decision).

**Development of the Record**

An ALJ is required to develop the record by obtaining a "complete medical history for at least the 12 months preceding the month in which [a claimant] file[s] [an] application." 20 C.F.R. § 404.1512(b); *see Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 509 (2d Cir. 2009) (holding that the ALJ has a duty to affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding).  The claimant, however, is responsible for providing the evidence used in the RFC assessment.  20 C.F.R. § 416.945(a)(3); *see* Social Security Ruling 86-8 (stating that the individual has the

9

burden of proving that she is disabled and of raising any issue bearing on that determination or decision); *Long v. Bowen*, 1989 WL 83379, *4 (E.D.N.Y. July 17, 1989) ("Even though the ALJ has an affirmative obligation to develop the record, it is the plaintiff's burden to furnish such medical and other evidence of disability as the Secretary may require.").

The ALJ is not obligated to seek further medical records whenever the evidence of record is sufficient for the ALJ to make an informed disability determination. *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012) (stating that "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a claim for benefits") (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)). Here, the evidence of record was sufficient for the ALJ to determine whether Plaintiff was disabled.  Specifically, the record included longitudinal treatment records from Plaintiff's medical sources, a consultative physician's findings, a State agency medical consultant's assessment, MRIs and x-rays of Plaintiff's lumbar spine, x-rays of his left hip, and his testimony.  Tr. at 48-64, 279-83, 289-307, 322-26, 337-41.  This evidence is sufficiently complete to reach an RFC.  *See Morris v. Berryhill*, 721 F. App'x 25 (2d Cir. 2018) (the record before the ALJ contained sufficient information upon which the ALJ could formulate an RFC and, thus, remand is not required); *see also O'Connell v. Colvin*, 558 F. App'x 63 (2d Cir. 2014) (the ALJ was under no obligation to further develop the record in the absence of any obvious gaps or inconsistencies in the record); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 634 (2d Cir. 2012) (the ALJ was not required to further develop

the record when the available evidence was adequate to determine that the claimant was not disabled).

Moreover, to successfully challenge the sufficiency of the evidence, a claimant must show "how [the missing records] would have affected [the] case." *Reices-Colon v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013); *Santiago v. Astrue*, No. 3:10-cv-937(CFD), 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing *Pratts v. Chater*, 94 F.3d 34, 37-38 (2d. Cir. 1996)).  This is Plaintiff's burden.  *Id*.  Where "plaintiff makes only a general argument that any missing records possibly could be significant, if they even exist[,] . . . [t]hat argument is insufficient to carry his burden."  *Id*.  Here, Plaintiff failed to show that there are in fact missing records, and how they could have changed the ALJ's decision.  In fact, at the outset of the July 25, 2019 administrative hearing, the ALJ asked Plaintiff's attorney if there were any relevant outstanding medical records, and the attorney responded that he was unaware of any.  Tr. at 47-48.  Accordingly, this Court finds that Plaintiff has failed to meet his burden in challenging the record.

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence and RFC determination.  However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012).  That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder **would have to conclude otherwise**."  *Brault*, 683 F.3d at 448 (emphasis added).  This case does not present such a situation.  For all of the foregoing

reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is DENIED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 10) is GRANTED.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 28, 2022


                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**